UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| TIM S. STEFANSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:08-CV-103 |
| | ) | |
| W. RANDALL KAMMEYER, et al., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on *pro se* Plaintiff Tim. S. Stefanski's "Emergency Motion to Stay," filed May 9, 2008. (Docket # 4.) The Plaintiff is seeking to stop a state court garnishment order from taking effect that recently issued to his employer, Crown Lift Trucks. (Docket # 4.) For the reasons that follow, Stefanski's motion is DENIED.

On April 16, 2008, Stefanski filed what is purportedly a *pro se* complaint suing attorney W. Randall Kammeyer (Docket # 1), who apparently represented a Dr. Bokel in an action against Stefanski in a state small claims court for an unpaid dental bill. (Docket # 1.) A judgment was entered by that court against Stefanski which has apparently not been paid or appealed; instead, Stefanski is suing Kammeyer here, principally alleging violations the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*, together various state law claims. (Docket # 1.)

On April 24, 2008, Chief Judge Robert L. Miller entered an Order identifying various deficiencies with Stefanski's filings, and in particular that Stefanski had not paid the $350.00 filing fee or submitted a petition to proceed *in forma pauperis*. (Docket # 3.) The Court granted Stefanski until May 23, 2008, to cure this and other deficiencies. (Docket # 3.) In the interim,

without curing the deficiencies noted by Judge Miller and apparently without going to the state court that issued the garnishment order, Stefanski filed the present emergency motion to presumably stay Kammeyer's activities towards the garnishment of his wages.  (Docket # 4.)

We begin the analysis of that motion procedurally with 28 U.S.C. § 1915(a), which applies to both prisoners and non-prisoners, *Price v. Heyrman*, No. 06-C-632, 2007 WL 188971, at *1 (E.D. Wis. Jan. 22, 2007) (citing *Floyd v. United States Postal Serv.*, 105 F.3d 274, 275-77 (6th Cir. 1997), *overruled on other grounds by Callihan v. Schneider*, 178 F.3d 800 (6th Cir. 1999)).  That statute provides that "any court of the United States may authorize the commencement . . . of any suit . . . , without prepayment of fees or security therefor, by a person who submits an affidavit" asserting the inability  "to pay such fees" and that further states "the nature of the action . . . and affiant's belief that the person is entitled to redress."  28 U.S.C. § 1915(a)(1).  Accordingly, since Stefanski has not submitted any such affidavit, or a petition to proceed *in forma pauperis*, he has not been authorized to commence his suit, meaning that the Court is not in a position to grant him affirmative relief.

Moreover, and while our decision is not grounded on the point, to the extent that Stefanki's motion is directed to the state small claims court, it faces at least one substantive hurdle, the Anti-Injunction Act, 28 U.S.C. § 2283.  That statute prohibits a federal court from granting "an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C. § 2283; *see also Blake v. Vazquez*, No. 90 C 1989, 1990 WL 103581, at *1 (N.D. Ill. July 2, 1990) (citing *Garrett v. Hoffman*, 441 F. Supp. 1151 (E.D. Penn. 1977) (finding that the Anti-Injunction Act prohibits restraints on the enforcement or execution of a

state court judgment)).  Of course, if that issue were to be reached, any such injunction would issue from the District Judge.

Accordingly, Stefanski's "Emergency Motion to Stay" (Docket # 4) is DENIED.

Enter for this 13th day of May, 2008.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge