UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| TIM S. STEFANSKI, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 1:08-CV-103 RM |
| | ) | |
| W. RANDALL KAMMEYER, et al., | ) | |
| | ) | |
| Defendants | ) | |

OPINION and ORDER

Defendant Brian Cook moves to dismiss Tim Stefanski's claims against him. Mr. Stefanski has alleged, pursuant to 42 U.S.C. § 1983, that his constitutional rights were violated when a judgment was entered against him and garnishment proceedings were initiated in the Small Claims Division of the Allen Superior Court. Mr. Stefanski has filed a response to the dismissal motion, and even though the time for the filing of a reply brief hasn't passed, the court concludes that the dismissal motion must be granted.

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of complaints that state no actionable claim. The complaint's factual allegations are taken as true and viewed in the light most favorable to the plaintiff when challenged by a motion to dismiss. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Bernard v. United Township High School Dist. 30, 5 F.3d 1090, 1091 (7th Cir. 1993); Gomez v. Illinois State Bd. of Education, 811 F.2d 1030, 1033 (7th Cir. 1987). Dismissal is proper only if it appears beyond doubt that the plaintiff can prove no set of facts

that would entitle him to relief. *See* Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (*citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Hamlin v. Vaudenberg, 95 F.3d 580, 583 (7th Cir. 1996). The issue in a Rule 12(b)(6) motion is "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Caremark, Inc. v. Coram Healthcare Corp., 113 F.3d 645, 648 (7th Cir. 1997) (*quoting* Scheuer v. Rhodes, 416 U.S. at 236).

Allen Superior Court Magistrate Brian Cook seeks dismissal of the claims against him, arguing that as a magistrate judge, he is entitled to absolute judicial immunity. The doctrine of absolute judicial immunity provides that judges are not liable for damages in civil actions "unless they have acted in the clear absence of jurisdiction. Moreover, a judge will not be deprived of immunity even if the action was in error, was done maliciously, was in excess of his authority, and even if his exercise of authority is flawed by the commission of grave procedural errors." Brokaw v. Mercer County, 235 F.3d 1000, 1015 (7th Cir. 2000) (*citing* Stump v. Sparkman, 435 U.S. 349 (1978)).

Mr. Stefanski alleges Magistrate Cook wrongfully caused a judgment to be entered against him in the Allen County Small Claims Court without due process or a jury trial and says he is suing Magistrate Cook "for illegal wage garnishment when not permitted by federal law." The actions Mr. Stefanski alleges were actions taken by Magistrate Cook while presiding over an action pending before him in the Small Claims Division of the Allen Superior Court, and, as such, those actions

2

were of a judicial nature warranting immunity.[1] *See* Forrester v. White, 484 U.S. 219, 229 (1988) ("it [is] the nature of the function performed, not the identity of the actor who performed it," that controls the degree of immunity given to the function); Pierson v. Ray, 386 U.S. 547, 553-54 (1967) ("Judges . . . are absolutely immune from suit for actions taken within the scope of their duties."). Even if any of Magistrate Cook's decisions in Mr. Stefanski's case were erroneous (and this court needn't decide whether they were), such an error would not deprive Magistrate Cook of immunity for conduct made within his judicial discretion. "If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits." Forrester v. White, at 226-227. Magistrate Cook is absolutely immune from suit, and the claims against him must be dismissed.

Based on the foregoing, the motion of defendant Brian Cook to dismiss Mr. Stefanski's claims against him [docket # 19] is GRANTED.

SO ORDERED.

ENTERED:      July 21, 2008

                                   /s/ Robert L. Miller, Jr.
                                   Chief Judge
                                   United States District Court

---

[1] Mr. Stefanski concedes in his response to the motion to dismiss (dated July 12 and filed July 14, 2008) that Magistrate Cook is entitled to immunity: "I understand the thing about judges being immune from civil actions, which I feel is wrong, but there is nothing I can do about that."