UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TIM S. STEFANSKI, | ) |
|         Plaintiff | ) |
| vs. | ) CAUSE NO. 1:08-CV-103 RM |
| W. RANDALL KAMMEYER, et al., | ) |
|         Defendants | ) |

OPINION and ORDER

Timothy Stefanski filed his *pro se* complaint pursuant to 42 U.S.C. § 1983, claiming that his constitutional rights and his rights under 15 U.S.C. § 1692 were violated when a judgment was entered against him and garnishment proceedings were initiated in the Small Claims Division of the Allen Superior Court. Mr. Stefanski's claims against Judge Brian Cook were dismissed on July 21, 2008, and this cause is now before the court on the motion to dismiss of the remaining defendant, W. Randall Kammeyer. Mr. Kammeyer seeks dismissal of the claims against him, arguing that Mr. Stefanski has set forth no facts that, even if true, would support the claims of the complaint. Mr. Stefanski filed a response and a supplemental response to Mr. Kammeyer's motion.

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of complaints that state no actionable claim. The complaint's factual allegations will be taken as true and viewed in the light most favorable to the plaintiff when challenged by a motion to dismiss. *See* Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Bernard v.

United Township High School Dist. 30, 5 F.3d 1090, 1091 (7th Cir. 1993); Gomez v. Illinois State Bd. of Education, 811 F.2d 1030, 1033 (7th Cir. 1987). Dismissal is proper only if it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *See* Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (*citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Hamlin v. Vaudenberg, 95 F.3d 580, 583 (7th Cir. 1996). The issue in a Rule 12(b)(6) motion is "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Caremark, Inc. v. Coram Healthcare Corp., 113 F.3d 645, 648 (7th Cir. 1997) (*quoting* Scheuer v. Rhodes, 416 U.S. at 236).

Mr. Kammeyer argues that Mr. Stefanski's claims relating to the judgment entered in the Small Claims Division of the Allen Superior Court – that Mr. Kammeyer provided "false misrepresentation of the actual amount owed," procured the judgment without due process or a jury trial, and instituted wrongful garnishment proceedings based on that judgment – are barred by the *Rooker-Feldman* doctrine, which prohibits federal district courts from reviewing state court civil judgments, including all claims that are inextricably intertwined with those judgments. *See* District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). Mr. Kammeyer says Mr. Stefanski's claims relating to the state court proceedings should be dismissed.

A litigant dissatisfied with a state tribunal's decision must appeal that decision rather than file an independent suit in federal court. Alpern v. Lieb, 38 F.3d 933, 934 (7th Cir. 1994). "If the injury alleged resulted from the state court

judgment itself, the Rooker-Feldman doctrine dictates that the federal courts lack subject matter jurisdiction, even if the state court judgment was erroneous or unconstitutional." Long v. Shorebank Development Corp., 182 F.3d 548, 555 (7th Cir. 1999). Mr. Stefanski's claims for relief based on the small claims proceedings, the amount of the small claims judgment, and the related garnishment proceedings are barred by the *Rooker-Feldman* doctrine, so Mr. Kammeyer's motion to dismiss those claims must be granted.

Mr. Stefanski's remaining claims are that Mr. Kammeyer violated the Federal Debt Collection Practices Act and violated his privacy rights by causing a summons containing his personal information to be "posted out in the public in open view." Mr. Kammeyer maintains those claims should be dismissed because Mr. Stefanski's legal accusations are unsupported by any specific fact.

The Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, prohibits a debt collector from using certain abusive and unfair collection methods to collect a debt from a consumer, 15 U.S.C. § 1692(e), and provides for civil liability against a debt collector who intentionally violates the Act, 15 U.S.C. § 1692k. The FDCPA applies to only to "debt collectors," as that term is defined in 15 U.S.C. § 1692a(6) ("any person who . . . regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another"); *see also* Heintz v. Jenkins, 514 U.S. 291, 294 (1995) (holding the FDCPA "applies to attorneys who 'regularly' engaged in consumer-debt-collection activity"). While Mr. Stefanski claims he doesn't have to pay "fees, court costs, or

3

otherwise anything other than the amount of the original debt" and alleges that inclusion of those amounts in the state court judgment amounted to a false statement by Mr. Kammeyer as to the actual amount owed, nothing in the complaint allows an inference that Mr. Kammeyer is a debt collector under the FDCPA or that Mr. Kammeyer's actions were governed by the FDCPA. *See* Pettit v. Retrieval Masters Creditor Bureau, Inc., 211 F.3d 1057, 1059 (7th Cir. 2000) ("Individuals who do not otherwise meet the statutory definition of "debt collector" cannot be held liable under the Act."). Mr. Stefanski's complaint about the amount of the small claims judgment is one he must pursue in conjunction with the Allen County small claims action and doesn't state an actionable claim under the FDCPA. Mr. Kammeyer's motion to dismiss this claim must be granted.

Finally, Mr. Stefanski claims his "privacy rights" and "identity theft rights" were infringed when Mr. Kammeyer caused a summons containing Mr. Stefanski's personal information to be posted on his door in public view by the Allen County Sheriff's Department. The Indiana Rules of Trial Procedure governed Mr. Kammeyer's actions in the Allen County Small Claims Court proceedings. *See* LaPalme v. Romero, 621 N.E.2d 1102, 1104 (Ind. 1993) ("The Indiana trial rules govern a court's authority over individuals involved in a civil case, and the process by which that court obtains that authority."). Indiana Trial Rule 4.1(A)(3) specifically provides that, "Service may be made upon an individual by . . . [l]eaving a copy of the summons and complaint at his dwelling house or usual place of abode." *See also* Lapalme v. Romero, 621 N.E.2d at 1105 ("A process

4

server may leave a copy of the summons and complaint at the party's dwelling house or usual place of abode in order to perfect service."). Too, the Indiana Trial Rules require that the summons contain the name and address of the person on whom the service is to be effected and "any additional information which will facilitate proper service." IND. TR. R. 4(C). Mr. Kammeyer's causing service to be perfected by delivery by the Allen County Sheriff's Department of a summons containing Mr. Stefanski's personal information to Mr. Stefanski's residence was in compliance with the Indiana Rules of Trial Procedure.

Even viewing Mr. Stefanski's *pro se* claims liberally, as the court must do, Haines v. Kerner, 404 U.S. 519, 520 (1972); Obriecht v. Raemisch, 517 F.3d 489, 492 n.2 (7th Cir. 2008), Mr. Stefanski isn't entitled to the relief he seeks on his claim that his "privacy rights" and/or "identity theft rights" were violated when a summons was left in public view at his house. His claims against Mr. Kammeyer in this regard must be dismissed.

Based on the foregoing, the motion of defendant W. Randall Kammeyer to dismiss Mr. Stefanski's claims against him [docket # 28] is GRANTED.

SO ORDERED.

ENTERED:  September 30, 2008


                                          /s/ Robert L. Miller, Jr.
                                         Chief Judge
                                         United States District Court